| |
|---|
| **Dom Ben Realty Corp. v Beato** |
| 2024 NY Slip Op 33656(U) |
| October 2, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 521828/2020 |
| Judge: Ingrid Joseph |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Part 83 of the Supreme Court of
the State of New York held in and for the
County of Kings at 360 Adams Street,
Brooklyn, New York, on the _2nd_ day
of _October_, 2024.

PRESENT: HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No: 521828/2020

-----------------------------------------------------------------------X

DOM BEN REALTY CORPORATION,

Plaintiff,

-against-

ULISES BEATO,

Defendant,

GERARD BARON, "JOHN DOE" and "JANE DOE"

Defendants-Undertenants.

-----------------------------------------------------------------------X

**DECISION AND
ORDER**

Motion #2

The following e-filed papers considered herein:

|  | NYSCEF Doc. Nos. |
|---|---|
| Notice of Motion/Affidavit in Support/Memorandum of Law/Exhibits..... | 37 – 42 |
| Affirmation in Opposition/Memorandum of Law........................................ | 164 – 165 |
| Reply Affirmation/Memorandum of Law.................................................... | 50 – 51 |

In this matter, Defendant-Undertenant Gerard Baron ("Baron") moves for an order, pursuant to CPLR 3211(a)(7), dismissing Plaintiff Dom Ben Realty Corporation's ("Plaintiff") action for failure to state a claim because the predicate Notice of Termination (the "Notice") is purportedly insufficient (Mot. Seq. No. 2). Plaintiff opposes the motion.

Plaintiff owns a building located at 135 Plymouth Street in Brooklyn, New York. This action concerns Unit 401 (the "Unit") within the building. Plaintiff entered into a rent stabilized lease with defendant Ulises Beato ("Beato") for the Unit, for an initial term from September 1, 2014 to August 31, 2016. The lease was extended multiple times and has not been renewed on the last expiration date of September 30, 2020. Baron alleges that he entered into a written agreement with Beato dated June 21, 2013 for a two-year term commencing November 1, 2013. Baron claims that he has occupied a portion of the Unit from November 1, 2013 to date. Baron further alleges

[* 1]

that he made monthly payments to Beato for use and occupancy and utility costs from November 2013 to October 2020.

Plaintiff alleges that Beato illegally sublet the Unit to Baron without its permission in violation of Section 226-b of the Real Property Law, Rent Stabilization Code § 2525.6 and Title 29 of the Rules of the City of New York § 2-09 (c) (4) (i). Plaintiff further alleges that the subleasing of the Unit violated the terms of the lease. On September 30, 2020, Plaintiff served Beato with a Thirty (30) Day Notice of Termination dated September 15, 2020. The Notice contained allegations that Beato illegally sublet the Unit, which was subdivided into two separate units, and charged subtenants more than the rent being paid by Beato. Plaintiff commenced this action seeking (a) a money judgment for unpaid use and occupancy against Beato, (b) attorney's fees against Beato, (c) a declaratory judgment that Beato is not protected under the Loft Law or Rent Stabilization Law based on his illegal profiteering of the Unit and (d) possession of the Unit.

Baron now moves to dismiss Plaintiff's action alleging that no relief has been sought against him. Baron also argues that the allegations in the Notice fail to apprise him of any legal grounds or facts supporting the termination of his occupancy. Baron further argues that pursuant to Section 226-c of the Real Property Law, Plaintiff was required to provide a written 90-day notice since he has occupied the Unit for more than two years. In opposition, Plaintiff sets forth three arguments. First, Plaintiff asserts that since Baron is not a party to the lease with Plaintiff, Baron did not need to be named on nor served with notice. Accordingly, Plaintiff argues that Baron lacks standing to assert a challenge to the Notice. Second, Plaintiff argues that even if Baron did not lack standing, the sufficiency of Plaintiff's predicate Notice has already been determined by the Court. Third, Plaintiff contends that the complaint states a cause of action for ejectment as against Beato and Baron.

Real Property Law defines a "tenant" as a "person occupying or entitled to occupy a residential rental premises who is either a party to the lease or rental agreement for such premises or is a statutory tenant" (Real Property Law § 235-f [1] [a]). A "statutory tenant" is a tenant whose initial lease has expired and remains in possession (*see Markceil Realty Corp. v Mihaly*, 14 NY2d 657, 659 [1964]; *Bisbano v 42-20 Rest. Corp.*, 280 AD 790, 790 [2d Dept 1952]; *93rd Bldg. Corp. v Hefti*, 224 AD3d 583, 583-584 [1st Dept 2024], citing *Gersten v 56 7th Ave. LLC*, 88 AD3d 189, 199 [1st Dept 2011]). An "occupant" is a "person, other than a tenant or a member of a tenant's

[* 2]

immediate family, occupying a premises with the consent of the tenant or tenants" (Real Properly Law § 235-f [1] [b]).

Real Property Law § 226-c(1)(a) provides that "[w]henever a landlord intends to offer to *renew* the tenancy of an occupant . . . or does not intend to *renew* the tenancy, the landlord shall provide written notice" (Real Property Law § 226-c [1] [a] [emphasis added]).[1] If a landlord fails to provide timely notice per Real Property Law § 226-c (1) (a), "the occupant's *lawful* tenancy shall continue" (*id.* [emphasis added]).

In the memorandum of law, Baron's counsel states that "Baron is a mere occupant/subtenant of a space in the Unit" (NYSCEF Doc No. 42, at 8.). Baron does not allege that he paid any rent directly to Plaintiff or had Plaintiff's consent to occupy the Unit. In his affidavit, Baron asserts that his occupancy has been "open and notorious," and Plaintiff and its representatives were aware of his presence. Baron, in a conclusory fashion, states that he has "repeatedly permitted Plaintiff and its employees access . . . for repairs." There is no property right to renew where a tenancy was never created implicitly or explicitly with Plaintiff.[2] In essence, Baron has failed to establish the existence of a legal tenancy between him and Plaintiff. In addition, Plaintiff neither alleges nor submits evidence that he is a statutory tenant.

In support of his motion, Baron cites to lower court cases; however, this Court is not required to rely on the decisions of lower courts or courts of coordinate jurisdiction because they are not binding (*see Zagrosik v NY State Div. of Hous. & Community Renewal*, 12 Misc 3d 1076, 1080 [Sup Ct, NY County 2006] ["court is not bound either by Civil Court rulings or by holdings by courts of coordinate jurisdiction], citing *Mtn. View Coach Lines, Inc. v Storms*, 102 AD2d 663 [2d Dept 1984]). Upon the Court's consideration of Plaintiff's cited cases, the Court finds that they are unpersuasive for the following reasons. In *1641 Park Ave. Assoc. v. Parker* (2022 NY Slip Op 30519[U] [Sup Ct, NY County 2022], the court found that Real Property Law 226-c "applies to all tenancies" and applies to common-law ejectment and Real Property Actions and Proceedings Law holdover proceedings. However, the holding in *1641 Park Ave. Assoc.* is inapplicable here since that case does not involve or address a subtenant or an allegation of illegal

---

[1] The Rent Stabilization Code explicitly states that a subtenant or sublessee is not entitled to the right to renew (9 NYCRR 2520.6 [k]).
[2] The right to renew of a subtenant flows from the tenant and his or her lease. Thus, a subtenant has the option to renew only if the tenant exercises his or her option to renew the master lease (*Minister, Elders & Deacons of Refm. Prots. Dutch Church v 198 Broadway, Inc.*, 59 NY2d 170, 176 [1983]).

3

[* 3]

subletting. Moreover, *EQR-Hudson Crossing, LLC v. Magana* (75 Misc 3d 979 [Civ Ct, NY County 2022]) is not analogous. First, unlike Baron, the subtenant in *EQR-Hudson Crossing, LLC* claimed entitlement to rental assistance under the Emergency Rental Assistance Program of 2021 (the "ERAP"). Second, the ERAP clearly provided that the applicant could be a tenant *or* occupant (75 Misc 3d at 981).[3] Third, though there was an allegation of illegal subletting, the Court recognized that the landlord's acceptance of rent arrears through the ERAP program would not confer any tenancy rights on the subtenant. Accordingly, the holdings or conclusions in these cases are unavailing.

Since there are no Second Department cases on the issue of statutory notices to subtenants, the Court relies on cases decided by the First Department Appellate Division and Appellate Term. These courts have previously determined that a subtenant or undertenant who is not a party to a lease with the landlord is not entitled to service of a notice of termination and lacks standing to challenge the sufficiency of such notice served on the tenant (*see 170 W. 85th St. Tenants Assn. v Cruz*, 173 AD2d 338, 339 [1st Dept 1991] [only the immediate tenant of the lessor is entitled to statutory notice]; *W. End Assoc. v McGlone*, 32 Misc 3d 145[A], 2011 NY Slip Op 51732[U], *1 [App Term, 1st Dept 2011]; *149th Partners LP v Watts*, 49 Misc 3d 139[A], 2015 NY Slip Op 51576[U], *1 [App Term, 1st Dept 2015]; *304 PAS Owner LLC v Life Extension Realty LLC*, 60 Misc 3d 132[A], 2018 NY Slip Op 51020[U] [App Term, 1st Dept 2018]; *401 Broadway Bldg., LLC v Barra & Assoc., PLLC*, 78 Misc 3d 132[A], 2023 NY Slip Op 50377[U], *2 [App Term, 1st Dept 2023]). Thus, the Court finds that Baron was not required to receive notice pursuant to Real Property Law § 226-c. Accordingly, the Court need not consider the sufficiency of the Notice as it pertains to Baron.

"Due process requires only that, for the warrant to be effective against a subtenant, licensee or occupant, he be made a party to the proceeding, either by naming him in and serving him with the petition and notice of petition or by joining him as a party during the pendency of the proceeding" (*see Cruz*, 173 AD2d at 339-40; *Parkash 2125 LLC v Galan*, 61 Misc 3d 502, 510 [Civ Ct, Bronx County 2018] ["[T]he import of *Cruz* is that every occupant is entitled to, at least, notice of the proceeding and some minimal opportunity to be heard, even if not a trial on the merits

---

[3] The court in *Valsac 908 LLC v. Crespo* noted that "the subtenant [in *EQR-Hudson Crossing, LLC*] was "undisputedly in possession of the subject premises with the consent of the tenant," which is an "occupant" as defined by Real Property Law § 235-f (75 Misc 3d 1213[A], 2022 NY Slip Op 50484[U], *2 [Civ Ct, NY County 2022] [internal quotation marks and citation omitted]).

[* 4]

of the petition"). Therefore, Baron was required to receive notice of this action and service is not disputed.

The Court next addresses whether the Complaint states a cause of action for ejectment against Baron.[4] On a motion to dismiss under CPLR 3211(a)(7), a complaint is afforded liberal construction (*see* CPLR 3026; *Leon v Martinez*, 84 NY2d 83, 87 [1994]). That is, "the facts as alleged in the complaint are accepted as true, the plaintiff is accorded the benefit of every favorable inference, and the court must determine only whether the facts as alleged fit within any cognizable legal theory" (*Uzzle v Nunzie Ct. Homeowners Ass'n, Inc.*, 70 AD3d 928, 929–30 [2d Dept 2010]). Based on the reading of the Complaint, the Court finds that the facts alleged therein are sufficient to establish that Plaintiff has a cause of action against Baron. In determining whether a cause of action exists, the court may also consider extrinsic evidentiary material (*see Matter of Riverkeeper, Inc. v NY City Dept. of Envtl. Protection*, 214 AD3d 986, 987 [2d Dept 2023]). In his affidavit, Baron does not assert that he is no longer in possession of the Unit. He also does not assert that he received Plaintiff's permission to remain in the Unit and has paid rent to Plaintiff directly since October 2020. Thus, Baron's contention that Plaintiff is merely seeking the ejectment of Beato only is illogical.

Accordingly, it is hereby

ORDERED, that Defendant-Undertenant Gerard Baron's motion (Mot. Seq. No. 2) is denied.

All other issues not addressed herein are without merit or moot.

This constitutes the decision and order of the Court.

_____
Hon. Ingrid Joseph, J.S.C.

**Hon. Ingrid Joseph**
**Supreme Court Justice**

---

[4] Beato previously moved this Court for an order dismissing the action for failure to state a claim (Mot. Seq. No. 1). Beato argued, in part, that the Notice was defective because it failed to clearly set forth the grounds for eviction or reference one of the enumerated grounds for termination under the Rent Stabilization Code. This Court rejected Beato's argument, finding that the Notice apprised Beato of the legal grounds and facts on which this ejectment action is being pursued (NY St Cts Elec Filing [NYSCEF] Doc No. 29).

5

[* 5]